WINDOW ROCK DISTRICT COURT

February 7, 1983

No. WR-CV-565-82

IN THE MATTER OF THE ESTATE OF:

REED DESCHEENY, Deceased/

Honorable Tom Tso, Judge presiding.


This opinion is made upon the court's own motion because of an ex parte communication received from Edward McCabe, Jr., the Bureau of Indian Affairs Superintendent of the Shiprock Agency.

The letter follows the entry of a probate decree determining heirs and the making of a determination of the property to be allocated to heirs. The Bureau of Indian Affairs letter indicates that the order of this court "cannot be processed as written, and is being returned for correction." It goes on to make a legal determination that the decree is not valid because of our statute of limitations.

The membership list of the Navajo Nation Bar Association does not show that the Superintendent is a member of our bar, and this Court takes judicial notice of the facts that (1) the Superintendent is not a Judge of the Navajo Nation and (2) the Courts of the Navajo Nation are not under the control of the Bureau of Indian Affairs.

What is before the Court is the conduct of an official of the Bureau of Indian Affairs arrogating to himself the authority to make a determination of Navajo law contrary to a valid ruling by a Navajo court.

The letter is a poor exercise of the practice of law in this jurisdiction for two reasons: First of all, the letter ignores the fact that the parties failed to raise the question of the statute of limitations, and the law clearly is that the statute is not jurisdictional but a matter of affirmative defense, and it can be waived by not raising it. 51 Am.Jur. 2d, Limitation of Actions, Secs. 4, 428, 430. Therefore the limitation does not apply in this case. Secondly, the letter relied upon a memorandum of the former Judicial Branch General Counsel with regard to the statute of limitations in probate actions. Gudac, "Stale Probate Cases," (October 15, 1976). In the Navajo Nation it is the judges and not their attorneys who determine the law. 7 NTC Sec. 255. The Chief attorney for the Court (now called the Solicitor) has only the authority to give opinions - not legal rulings which override the determination of a judge. Therefore the BIA letter is bad law.

The Superintendent of the Shiprock Agency also overlooked the policies which bind him in his relations with the Navajo Nation. The Assistant Secretary of the Interior for Indian Affairs has ruled that "It has been a longstanding general principle on the part of the Department of the Interior that the Indian tribes are empowered to interpret their own governing documents." Appeal of Garmann, 5 Indian L. Rep. H-17,

H-18 (August 23, 1978). In that same opinion the Assistant Secretary indicated that only a tribal interpretation of law which is "so arbitrary or unreasonable that its applicaton would constitute a violation of the right to due process or equal protection" would not be accepted. Id. The Assistant Secretary specifically refused to rule upon a number of tribal court interpretations in the Garmann appeal. Id., H-19 - 20. It is clear that the decision of this court in no way denies due process or equal protection. See 51 Am.Jur.2d, Limitation of Actions, Sec. 4.

In 1959 the Bureau of Indian Affairs lost any authority over the courts of the Navajo People. Once that authority was removed by the Navajo People, the Bureau of Indian Affairs lost review authority over our court cases. Benally v. Navajo Area Director, 9 IBIA 284, 292 (1982).

Therefore the letter was ill-advised and contrary to the policy of the Bureau of Indian Affairs, at least as is indicated by available authority.

Therefore the probate decree was, and is, valid and should be fully recognized, enforced and given full faith and credit by the Bureau of Indian Affairs.

The court regrets the necessity of issuing a sharp rebuke in this matter, but the time has long past since the Bureau of Indian Affairs should have ceased interference in the operations of Indian courts.

Therefore the Court enters the following ORDERS:

The Superintendent of the Shiprock Agency, Bureau of Indian Affairs, is hereby advised that the prior decree of this Court, dated December 10, 1982, is reaffirmed, valid and within the jurisdiction of this court, and he is hereby requested, as the representative of a fellow sovereign, to give it full faith and credit.